IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LORRAINE FORTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-426-WKW |
| | ) | [WO] |
| QUALITY RESTAURANT | ) | |
| CONCEPTS, dba APPLEBEE'S, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The parties are under a court order to arbitrate Plaintiff's dispute with Defendant about the termination of her employment, and a stay of this lawsuit has been in place since January 21, 2014. (Doc. # 25.) This action is back before the court on Defendant's contention that the parties reached an enforceable settlement agreement through an email exchange culminating in Defendant's acceptance on August 1, 2014, of an alleged non-monetary settlement offer by Plaintiff. Before the court is Defendant's motion to enforce the settlement agreement. (Doc. # 31.)

A prior Order, entered after briefing, establishes that jurisdiction over the pending motion is proper in this court. (Doc. # 38.) The parties have submitted briefs and evidence on the motion to enforce the settlement agreement, and a hearing was held on July 1, 2015. Because counsel for Plaintiff did not have express or apparent authority to bind Plaintiff to the alleged non-monetary

settlement agreement and because there was no meeting of the minds as to all essential terms, there is no agreement. Defendant's novation theory also fails on this record. The motion to enforce the settlement agreement is, therefore, due to be denied.

A.  **Burden of Proof**

"The burden of proof is on the parties seeking to enforce the settlement agreement." *Godwin v. Kelley*, No. 12cv614, 2013 WL 1789376, at *5 n.2 (M.D. Ala. Apr. 26, 2013).

B.  **Express or Apparent Authority to Settle**

Defendant contends that Plaintiff's attorney, Christopher Worshek, had express or apparent authority to enter into a settlement agreement and that the parties consummated just such an agreement through an exchange of emails. The terms of the settlement agreement, according to Defendant, are that Defendant agreed to modify Plaintiff's personnel file to reflect that her separation from Defendant's employment was the result of a voluntary resignation, not a termination, and that, in exchange, Plaintiff would sign a release of all claims. At the July 1, 2015 hearing, the issue of Mr. Worshek's authority was explored further, and Mr. Worshek represented that he had neither express nor apparent authority to settle Plaintiff's lawsuit solely on non-monetary terms.

Under Alabama law, a settlement agreement negotiated by an attorney binds the client only where the attorney acts with "express, special authorization from the client" or with apparent authority. *Bailey v. Mead S. Wood Prods.*, 295 F. Supp. 2d 1286, 1288 (M.D. Ala. 2003). "An agent's apparent authority must be founded upon the conduct of the principal, not the agent." *Id.* In other words, "[t]he doctrine of apparent authority does not rest upon what one thinks an agent's authority may be, or what the agent holds out his authority to be; rather, the doctrine of apparent authority is based on the principal's holding the agent out to a third person as having the authority under which he acts." *Johnson v. Shenandoah Life Ins. Co.*, 281 So. 2d 636, 640 (Ala. 1973). Accordingly, "[a] person dealing with an attorney must ascertain the extent of the attorney's authority to compromise the client's claim." *Daniel v. Scott*, 455 So. 2d 30, 32–33 (Ala. Civ. App. 1984).

Defendant has not met its burden of proving that Mr. Worshek had authority – either express or apparent – to settle this lawsuit on non-monetary terms. First, at the hearing, Mr. Worshek represented that his client did not give him authority to settle the case "without any monetary supplement" and that the retainer agreement with his client provides that only the client has authority to settle this lawsuit. The letters of August 28, 2013, and February 13, 2014, from Plaintiff's counsel to Defendant's counsel, on which Plaintiff was copied, support Mr. Worshek's

3

position. These letters, which incidentally are the only communications in the record upon which Plaintiff was copied, each contain settlement demands for specified monetary amounts, which chronologically increased in amounts, and expressly state that Plaintiff authorized the monetary demands.[1] On the record, there is no evidence that establishes that Mr. Worshek had express authority to settle the case on non-monetary terms.

Second, the evidence establishes that Mr. Worshek did not have apparent authority to settle the case solely for non-monetary terms. It is not enough that counsel for Defendant, Michael Thompson, believed that Mr. Worshek had his client's authority to settle solely for non-monetary terms. Defendant must submit evidence that Plaintiff, not Mr. Worshek, led Mr. Thompson to believe that Mr. Worshek had that authority. *See Johnson*, 281 So. 2d at 640. Defendant points to no such evidence. Defendant is correct that Mr. Worshek's August 28, 2013 and February 13, 2014 letters to Mr. Thompson containing monetary settlement offers indicated that copies were sent to Plaintiff; however, importantly, Plaintiff is not cc'd on the email exchanges upon which Defendant relies to solidify a settlement agreement based upon non-monetary terms. Even if it is assumed that Plaintiff held out Mr. Worshek as having authority to settle the case for a monetary sum,

---

[1] The demand in the first letter includes an explanatory that Plaintiff would "not consider a settlement anywhere near this range at future stages of litigation," and, in accord with that caution, the demand in the second letter is 160 percent higher than the first.

4

there is no evidence that the scope of Mr. Worshek's apparent authority permitted him to settle his client's case on terms that included no monetary payment. *See Smith-Perry Elec. Co. v. Trans. Clearing of Los Angeles*, 243 F.2d 819, 821 (5th Cir. 1957) ("It is, of course, . . . elementary that a transaction outside the scope of the agent's authority, actual or apparent, is incapable of subjecting the principal to liability."); *see also Godwin*, 2013 WL 1789376, at *5 (finding that an attorney acted outside the scope of his authority in settling a case on a condition that permitted the plaintiff to apply for a business license, but that did not guarantee that the plaintiff would receive the business license).

Because the terms of the purported settlement agreement upon which Defendant relies do not include a monetary payment, any settlement agreement on those terms would have been outside the scope of Mr. Worshek's authority – either express or apparent.[2]

## C. Meeting of the Minds

Defendant also has not met its burden of proving that a meeting of the minds occurred between the parties on August 1, 2014, for a non-monetary settlement. "It is fundamental that in order for a contract to be binding and enforceable, there must be a meeting of the minds on all essential terms and obligations of the contract." *Equip. Rental & Contractors Corp. v. The N. River Ins. Co.*, No. 07-

---

[2] These findings also negate Defendant's arguments of estoppel. (*See* Doc. # 31, at 9–10.)

0158, 2007 WL 4335494, at *2 (S.D. Ala. Dec. 6, 2007); *see also Sunnyland Mobile Homes, Inc. v. Thompson*, 384 So. 2d 1111, 1112 (Ala. 1980) ("No binding contract can come into being until there is a meeting of minds."). "An acceptance is required to be identical with the offer; otherwise, there is no meeting of the minds and no agreement." *Ex parte Wright*, 443 So. 2d 40, 42 (Ala. 1983); *see also Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011) ("Given the lack of evidence of any oral agreement, the court can find no meeting of the minds on this essential term.").

The email that Mr. Worshek sent Mr. Thompson on February 5, 2014, contemplated a settlement for a "reasonable and modest amount," and, on May 23, 2014, having received no response from Mr. Thompson, Mr. Worshek sent a second email conditioning a "limited monetary figure" on Defendant's agreement to provide Plaintiff with a general letter of reference acknowledging her years of service. The court finds that Plaintiff's subsequent email of July 22, 2014, is a continuation of negotiations as to the non-monetary component of a settlement agreement (*i.e.*, an expunging of Plaintiff's personnel record of notations that she was terminated), rather than an abandonment of the monetary component Plaintiff commanded as part of any settlement agreement. Accordingly, there was no meeting of the minds as to the essential terms of a settlement agreement on August

6

1, 2014, the date Defendant says it agreed to the non-monetary terms of a settlement.

Furthermore, even if it could be argued that Mr. Worshek and Mr. Thompson agreed on the terms Defendant urges, the release form Defendant mailed after Defendant's alleged acceptance of an offer on August 1 casts further doubt on the finality of the settlement terms. While the court acknowledges that federal law does not require a settlement agreement to be in writing or signed by the parties, Defendant's form required Plaintiff's signature by September 10, 2014, in exchange for her receipt of settlement terms beneficial to her. (*See* Release ("This letter, upon your signature and the signature of your attorney, will constitute the Agreement between you and Quality Restaurant Concepts, LLC ("QRC") and its related companies regarding certain aspects of your separation from employment from QRC and any legal proceedings between you and QRC." (Doc. # 31-2).) It is undisputed that Plaintiff never signed the form. In sum, the parties' correspondence reveals different intentions as to the essential terms of a settlement agreement and that there was no meeting of the minds.

**D.   Novation**

Finally, the evidence does not support Defendant's novation theory raised at the hearing. "[A] substituted contract is one that is accepted in satisfaction of the original contract and thereby discharges it, while a novation is a substituted

contract that includes a party who was not part of the original contract." *Safeco Ins. Co. of Am. v. Graybar Elec. Co.*, 59 So. 3d 649, 656 (Ala. 2010) (citation and internal quotation marks omitted). The absence of evidence or argument that a third party entered the settlement negotiations renders the law of novation inapposite. Defendant also cannot establish the elements under Alabama law for substituted contracts as there is no evidence of either an old or new valid contract.

### E.     Conclusion

For the foregoing reasons, it is ORDERED that Defendant's motion to enforce the settlement agreement (Doc. # 31) is DENIED. The parties are DIRECTED to proceed to arbitration as previously ordered.

It is further ORDERED that the motion to lift stay (Doc. # 31) is DENIED.

DONE this 17th day of July, 2015.

                                        /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE